UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 01 CR 101-5 |
| v. | ) | Hon. Wayne R. Andersen |
| | ) | |
| ALBERT FONTANA | ) | |

## NOTICE OF FILING

To: Troy Grooms  
    U.S. Probation Officer  
    U.S. Probation Office  
    55 E. Monroe - Suite 1500  
    Chicago, IL 60603  
    HAND DELIVERY

Thomas J. Tyrrell, Esq.  
425 Creekside Dr.  
Palatine, IL 60074  
FAX: 847 358-9402

Please take notice that on the 19th day of September, 2003, I filed with the Clerk of this Court, GOVERNMENT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORTS, service of which is being made upon you.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: _____
MORRIS O. PASQUAL
Assistant United States Attorney
219 South Dearborn
Chicago, Illinois 60604
(312) 886-7637

STATE OF ILLINOIS   )
                        ) SS
COUNTY OF COOK     )

Michele E. Nichele, being first duly sworn on oath deposes and says that she is employed in the Office of the United States Attorney for the Northern District of Illinois; and that on the 19th day of September, 2003, she caused the foregoing Notice and the above-described motion to be hand-delivered, faxed, and/or mailed to the above-named individual(s) on said date.

_____

SUBSCRIBED and SWORN to before me
this 19th day of September, 2003

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Carol L. Blue
Notary Public, State of Illinois
My Commission Exp. 06/24/2006

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 01 CR 101-5
) Hon. Wayne R. Andersen
ALBERT FONTANA )

## GOVERNMENT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORTS

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby submits its Objection to the Presentence Investigation Report ("PSR").

The Probation Officer concluded that the defendant is entitled to a three-level downward adjustment in his offense level pursuant to Guideline 3E1.1 for acceptance of responsibility. PSR at lines 171 to 176. The government objects to this adjustment.

As set forth in the PSR at lines 207-231, a review of investigative reports obtained from the Cook County States Attorney reveals that, since the entry of his plea of guilty in the instant case, the defendant has participated in additional criminal conduct involving the possession of stolen motorcycle parts and the fraudulent alteration of vehicle identification numbers. CPD officers arrested the defendant for this conduct on June, 26, 2003: only three weeks after the defendant appeared before this Court and entered a plea of guilty to the superseding information ON June 5, 2003.

Moreover, as set forth in the Pretrial Services Violation Report dated September 16, 2003, the defendant failed to report this arrest to the assigned Pretrial Services Officer, which was a condition of his supervision and, in fact, falsely represented to the Pretrial Services Officer on August 20, 2003 that he had not had any contact with law enforcement.

On September 5, 2003, defendant was charged in a 26-count indictment in the Circuit Court of Cook County in connection with the criminal conduct which led to his arrest on June 26.

Because the defendant continued to engage in criminal conduct, violated the terms of his pretrial release agreement by disobeying state law, and lied to his Pretrial Services Officer-- all after having pled guilty in the instant case -- he has not met his burden of "cleary demonstrat[ing] acceptance of responsibility for his offense" within the meaning of Guideline 3E1.1. *See e.g., United States v. Kirkland, 28 F.3d 49, (7th Cir. 1994).* Defendant's additional criminal conduct is inconsistent with acceptance of responsibility. Indeed, Application Note 1(b) to Guideline 3E1.1 lists "voluntary termination or withdrawal of criminal conduct" as one of the considerations for the Court to weigh in assessing acceptance of responsibility.

Accordingly, the the defendant is not entitled to any reduction in his offense level for acceptance of responsibility.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____
Morris Pasqual
Assistant United States Attorney