FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 21 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 01 CR 101-1 |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 641, 924(c)(1)(A), |
| EDDIE C. HICKS, | ) | 1951, 1962(d), and 3146(a)(1); |
| also known as David Rose | ) | and Title 21, United States |
| | ) | Code, Section 846. **JUDGE LEFKOW** |
| | ) | |
| | ) | **Superseding Indictment** |

COUNT ONE    **MAGISTRATE JUDGE MARTIN**

The SPECIAL DECEMBER 2016 GRAND JURY charges:

1. At times material to this Indictment:

    a. Defendant EDDIE C. HICKS was employed as a police officer by the Chicago Police Department ("CPD") from June 1970 to March 2000. In or about December 1985, defendant EDDIE C. HICKS was promoted to the rank of Sergeant of Police. From in or about 1992 through in or about 1997, defendant EDDIE C. HICKS was assigned to the Narcotics Section of CPD;

    b. Larry Hargrove was employed as a police officer by the CPD from March 1969 to March 2000. In or about June 1985, Larry Hargrove was promoted to the rank of Sergeant of Police;

    c. Matthew L. Moran was employed as an investigator for the State of Illinois Department of Professional Regulation from 1990 until on or about January 31, 2001; and

   d. Lawrence W. Knitter was employed by CPD as an electrical mechanic from 1982 to in or about March 2001.

   e. As CPD officers, defendant EDDIE C. HICKS and Larry Hargrove were responsible for, among other things, enforcing the laws of the State of Illinois and the ordinances of the City of Chicago; investigating crimes committed in the City of Chicago; collecting, preserving, and inventorying evidence; making lawful arrests; conducting lawful searches; and making truthful and accurate reports of their official activities.

   2. At times material to this Indictment, there existed a criminal organization, that is, a group of individuals consisting of defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, Lawrence W. Knitter, and others known and unknown which operated in and around the greater Chicago area. This group of individuals associated together for the purpose of engaging in an organized plan and scheme to obtain cash, controlled substances, and property through robberies, extortions, and thefts from individuals whom they believed to be engaged in narcotics trafficking. This group of individuals (hereinafter "the enterprise") constituted an enterprise as that term is defined in Title 18, United States Code, Section 1961(4), namely, a group of individuals associated in fact, which enterprise was engaged in, and the activities of which affected, interstate commerce.

3. Beginning in or about the early 1990's and continuing until on or about February 1, 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDDIE C. HICKS,

defendant herein, together with Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter, being persons associated with an enterprise, that is, the enterprise as described in paragraph 2 above, which enterprise was engaged in, and the activities of which affected, interstate commerce, did unlawfully and knowingly conspire with each other and with others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts involving:

    a. robbery, extortion, attempted robbery and extortion, and conspiracy to commit robbery and extortion, in violation of Title 18, United States Code, Section 1951;

    b. robbery, conspiracy to commit robbery, and attempted robbery, in violation of the Illinois robbery statute, 720 ILCS 5/18-1, 5/8-2, and 5/8-4;

    c. extortion, conspiracy to commit extortion, and attempted extortion, in violation of the Illinois extortion statute (referred to under state law as "intimidation"), 720 ILCS 5/12-6, 5/8-2, and 5/8-4;

      d.    distribution of a controlled substance, and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and

      e.    attempting and conspiring to possess with intent to distribute and distribute a controlled substances, in violation of Title 21, United States Code, Section 846.

    3.    It was part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter each agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

    4.    It was further part of the conspiracy that among the manner and means by which defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter agreed to conduct the affairs of the enterprise were:

      a.    obtaining information concerning suspected narcotics dealers whom the members of the enterprise could target for robberies, extortions, and thefts;

      b.    robbing, extorting, and stealing cash, controlled substances, and property from individuals whom the members of the enterprise believed to be engaged in narcotics trafficking;

      c.    conducting traffic stops of suspected narcotics dealers and robbing, extorting, and stealing cas, narcotics, and other things of value;

4

    d.  illegally entering premises used or occupied by suspected narcotics dealers and robbing, extorting, and stealing cash, controlled substances, and property;

    e.  dealing in controlled substances;

    f.  using unmarked CPD cars containing false license plates to travel to and from the locations of the robberies, extortions, and thefts;

    g.  preparing and using fake search warrants to be displayed to the targets of the robberies, extortions, and thefts;

    h.  falsely identifying themselves to the targets of the robberies, extortions, and thefts and others as "DEA Task Force Officers";

    i.  using counterfeit CPD badges and aliases; and

    j.  disregarding violations of the law and failing to enforce the law against conspirators, their associates, and individuals who aided and assisted the conspirators and their associates.

  5.  It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the conspiracy, the purpose of the conspiracy, and the acts done in furtherance of the conspiracy, for purposes of avoiding detection by law enforcement authorities and providing security to the members of the conspiracy;

  All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. Beginning in or about the early 1990's and continuing until on or about February 1, 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

### EDDIE C. HICKS,

defendant herein, conspired with Larry Hargrove, Matthew L. Moran, Lawrence W. Knitter, and Albert M. Fontana, and with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, and quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. It was part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, Lawrence W. Knitter, and Albert M. Fontana obtained and attempted to obtain wholesale quantities of cocaine and marijuana through robbery, extortion, and thefts, and distributed and attempted to distribute cocaine and marijuana to individuals known and unknown to the Grand Jury in exchange for cash.

4. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter conducted traffic stops of suspected narcotics dealers and robbed, extorted, and stole controlled substances, cash, and property.

5. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, Lawrence W. Knitter, and Albert M. Fontana illegally entered premises used by suspected narcotics dealers and robbed, extorted, and stole controlled substances, cash, and property.

6. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, Lawrence W. Knitter, and Albert M. Fontana used unmarked CPD cars containing false license plates to travel to and from the locations of the robberies, extortions, and thefts.

7. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter prepared and used fake search warrants to be displayed to the targets of the robberies, extortions, and thefts.

8. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter falsely identified themselves to the targets of the robberies, extortions, and thefts, and to others as "DEA Task Force Officers."

9. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, Lawrence W. Knitter, and Albert M. Fontana possessed and carried firearms to further the robberies, extortions, and thefts of controlled substances, cash, and property, and to provide security for themselves and their co-conspirators.

10. It was further part of the conspiracy that defendant EDDIE C. HICKS delivered and caused the narcotics obtained during the robberies, extortions, and thefts to be delivered to third parties in exchange for United States currency which he shared with Larry Hargrove, Matthew L. Moran, Lawrence W. Knitter, and others.

11. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, Lawrence W. Knitter, and Albert M. Fontana would and did divide among themselves the cash which they obtained as a result of the robberies, extortions, and thefts. The conspirators would also give a portion of the cash to their sources of information regarding the targets of the robberies, extortions, and thefts.

12. It was further part of the conspiracy that defendant EDDIE C. HICKS and Larry Hargrove intentionally failed to prepare any official police reports or inventories detailing the controlled substances, cash, and property obtained during the robberies, extortions, and thefts.

13. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter concealed,

misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the conspiracy, the purpose of the conspiracy, and the acts done in furtherance of the conspiracy, for purposes of avoiding detection by law enforcement authorities and providing security to the members of the conspiracy;

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT THREE

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. On or about January 31, 2001, at Chicago, in the Northern District of Illinois, Eastern Division,

EDDIE C. HICKS,

defendant herein, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, namely, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. Beginning in or about the early 1990s and continuing until or about February 1, 2001, in the Northern District of Illinois, Eastern Division,

EDDIE C. HICKS,

defendant herein, knowingly conspired with Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter, and with others known and unknown to the Grand Jury, to commit robbery and extortion affecting commerce, as "robbery," "extortion," and "commerce" are defined in Title 18, United States Code, Section 1951.

3. It was part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter agreed to and did rob and extort controlled substances, cash, and property from individuals whom defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter believed to be engaged in narcotics trafficking.

4. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter conducted traffic stops of suspected narcotics dealers and robbed and extorted controlled substances, cash, and property.

5. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter illegally entered

premises used by suspected narcotics dealers and robbed and extorted controlled substances, cash, and property.

6. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter used unmarked CPD cars containing false license plates to travel to and from the locations of the robberies and extortions.

7. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter prepared and used fake search warrants to be displayed to the targets of the robberies and extortions.

8. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter falsely identified themselves to the targets of the robberies and extortions and others as "DEA Task Force Officers."

9. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter possessed and carried firearms to further the robberies and extortions of controlled substances, cash, and property, and to provide security for themselves and their co-conspirators.

10. It was further part of the conspiracy that defendant EDDIE C. HICKS delivered the controlled substances, including cocaine and marijuana, which were obtained during the robberies and extortions, to other individuals to distribute to third parties. In exchange for the narcotics, defendant EDDIE C. HICKS received


premises used by suspected narcotics dealers and robbed and extorted controlled substances, cash, and property.

6. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter used unmarked CPD cars containing false license plates to travel to and from the locations of the robberies and extortions.

7. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter prepared and used fake search warrants to be displayed to the targets of the robberies and extortions.

8. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter falsely identified themselves to the targets of the robberies and extortions and others as "DEA Task Force Officers."

9. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter possessed and carried firearms to further the robberies and extortions of controlled substances, cash, and property, and to provide security for themselves and their co-conspirators.

10. It was further part of the conspiracy that defendant EDDIE C. HICKS delivered the controlled substances, including cocaine and marijuana, which were obtained during the robberies and extortions, to other individuals to distribute to third parties. In exchange for the narcotics, defendant EDDIE C. HICKS received

United States currency which he shared with Larry Hargrove, Matthew L. Moran, Lawrence W. Knitter, and others.

11. It was further part of the conspiracy that defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter would and did divide among themselves any cash which they obtained as a result of the robberies and extortions. The conspirators would also give a portion of the cash to their sources of information regarding the targets of the robberies and extortions.

12. It was further part of the conspiracy that defendant EDDIE C. HICKS and Larry Hargrove intentionally failed to prepare any official police reports or inventories detailing the controlled substances, cash, and property obtained during the robberies and extortions.

13. It was further part of the conspiracy that the defendant EDDIE C. HICKS, Larry Hargrove, Matthew L. Moran, and Lawrence W. Knitter concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the conspiracy, the purpose of the conspiracy, and the acts done in furtherance of the conspiracy, for purposes of avoiding detection by law enforcement authorities and providing security to the members of the conspiracy;

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT FIVE

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

On or about April 19, 1999, at Alsip, in the Northern District of Illinois, Eastern Division,

EDDIE C. HICKS,

defendant herein, did knowingly possess a firearm in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, namely, conspiracy to commit robbery, in violation of Title 18, United States Code, Section 1951, as more fully set forth in Count Four of this indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT SIX

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

On or about January 31, 2001, at Chicago, in the Northern District of Illinois, Eastern Division,

EDDIE C. HICKS,

defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of Title 21, United States Code, Section 846, as more fully set forth in Count Two of this indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT SEVEN

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

On or about December 21, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

EDDIE C. HICKS,

defendant herein, stole, purloined, and knowingly converted to his use money of the United States in excess of $1,000;

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNT EIGHT

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

On or about January 31, 2001, at Chicago, in the Northern District of Illinois, Eastern Division,

EDDIE C. HICKS,

defendant herein, stole, purloined, and knowingly converted to his use money of the United States in excess of $1,000;

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNT NINE

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. At times material to this count of the Indictment:

    a. On or about February 1, 2001, at Chicago, in the Northern District of Illinois, Eastern Division, defendant EDDIE C. HICKS was charged by complaint in case number 01 CR 101 with conspiracy to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846;

    b. On or about February 22, 2001, United States Magistrate Judge Morton Denlow signed an Order Setting Conditions of Release, in case number number 01 CR 101, directing that defendant EDDIE C. HICKS be released from custody on bond pending trial pursuant to the provisions of Title 18, United States Code, Section 3142, provided that defendant EDDIE C. HICKS appear at all court proceedings as required.

    c. On or about November 27, 2001, at Chicago, in the Northern District of Illinois, Eastern Division, a federal grand jury returned an indictment in case number 01 CR 101 charging defendant EDDIE C. HICKS with:

        i. conspiracy to commit racketeering, in violation of Title 18, United States Code, Section 1962(d);

        ii. conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code,

Section 846;

        iii.    attempting to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846;

        iv.    conspiracy to commit robbery and extortion, in violation of Title 18, United States Code, Section 1951;

        v.    possessing a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A);

        vi.    possessing a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c)(1)(A); and

        vii.    theft of government money, in violation of Title 18, United States Code, Section 641 (two counts);

    d.    On or about January 23, 2003, United States District Judge Wayne R. Andersen required defendant EDDIE C. HICKS to appear in court for trial in case number 01 CR 101, commencing on June 9, 2003.

    e.    On or about May 29, 2003, United States District Judge Wayne R. Andersen reiterated in open court in the presence of defendant EDDIE C. HICKS that the trial of defendant EDDIE C. HICKS would commence on June 9, 2003; and

    f.    Defendant EDDIE C. HICKS did not appear for trial on June 9, 2003, as ordered by United States District Judge Wayne R. Andersen;

2. From on or about June 9, 2003, until on or about September 19, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> EDDIE C. HICKS,
> also known as David Rose,

defendant herein, having previously been released on bond pursuant to the provisions of Title 18, United States Code, Section 3142, knowingly and willfully failed to appear before a court as required by the conditions of his release;

In violation of Title 18, United States Code, Sections 3146(a)(1) and 3146(b)(1)(A)(i).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY