UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,
        PLAINTIFF,

No. 01 CR 101-1

vs.

Hon. Joan Lefkow

EDDIE HICKS,
        Defendant.

## Defendant's Motion to Dismiss

United States v. Hicks is a false stash house case which fits the description of what Chief Judge Castillo finds violates principles of fairness by the Government.

Chief Judge Ruben Castillo of the 7th circuit states it is time for these false stash house cases to end and be (299 F. Supp 3d 984) relegated to the dark corridors of our past. To put simply, our criminal justice system should not tolerate false stash house cases in 2018.

Judge Castillo goes on to paraphrase supreme court justice Louis Brandels, to declare that in the administration of the ciminal law "the end justifies the means" is to declare that the government may violate fundamental principles of the common fairness to secure the conviction of an alleged criminal see olmstead v. U.S. 277 U.S. 438, 485, 48 s. Ct. 564 72 L. Ed. 944 (1928) (Brandels, J. Dissenting). That is not where our criminal law should be in 2018. Our society simply cannot accept a "win at all costs" mentality in a delicate world of criminal law enforcement, which is ultimately dependent on proactive citizen involcement. Chief Judge Castillo goes on the state. The problem with false stash house cases starts at the beginning and do not get any better at the end. The typical false stash house case commences with the recruitment of a confidential informent (or CI). Most

1

Like our colleague in the U.S. court of appeals for the 6th circuit, this court finds "the concept of the stash house sting operations are at odds with the pride we take in presenting American Criminal Justice as a system that treats defendants failry and equally under the law". United States V. Flowers, No. 15-3988.

The 7th circuit has stopped trying new stash house cases because of their legal problems. This type of law enforcement can no longer be tolerated. Incredibly the government is still prosecuting some of these cases. If stash house cases will not be prosecuted in the future, then the cases currently on the docket should be dismissed.

If the courts rule that a current government sting operation is abhorrent to the law and have decided not to prosecute future cases, then all current cases should be dismissed immediately.

Respectfully submitted,

*Eddie Hicks*

Eddie Hicks
Defendant
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois 60605